UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PREMIER ROTORS, LLC | Civil Action No. 6:19-0869 |
| versus | Judge Michael J Juneau |
| BLACK STAR, LLC, ET AL. | Magistrate Judge Carol B Whitehurst |

**MEMORANDUM RULING AND ORDER**

Before the undersigned is the Motion to Dismiss for Failure to State a Claim [Doc. 8] filed by the defendants Black Star, LLC and Black Star Helicopters, LLC (hereinafter, "Black Star"). The motion is opposed by the plaintiff, Premier Rotors, LLC ("Premier") [Doc. 10]. For the following reasons, the motion to dismiss is DENIED, and the plaintiff has fourteen (14) days from the date of this Ruling and Order to amend its Petition.

The instant lawsuit arises out of a suit on open account, which was filed in state court by the plaintiff and was removed to this Court by the Black Star entities on July 8, 2019 on the basis of diversity jurisdiction. In their original petition, plaintiff alleges it "sold and delivered . . . certain goods, materials and services" to the defendants but has not been paid for the same. In vague and conclusory fashion, the plaintiff further alleges that the Black Star entities are a "single business enterprise," and that Black Star Helicopters, LLC is the alter ego of Black Star, LLC.

1

Nine legal factors used to determine single business enterprise status are alleged in boilerplate fashion, however, facts to support each of the elements are not alleged. Plaintiff then goes on to allege that the Black Star defendants are solidarily liable.

In their motion to dismiss, the Black Star entities seek dismissal of all claims against them on grounds the plaintiff alleges no facts to support the formation of a contract between the plaintiff and the defendants, which Black Star argues is a necessary element to be proven on an open account claim. Black Star also argues the plaintiff fails to allege any factors to support a cause of action for breach of contract, and fails to allege facts that would support a finding that the Black Star entities are a single business enterprise.

The plaintiff opposes the motion, arguing that Black Star admits it received invoices and statements over a thirteen-month period (from September 2017 through October 2018), and made payments on the total that was owed -- $119,340.00 – but ultimately stopped making payments. Plaintiff alleges a balance of $57,309.20 remains due and owing. The plaintiff's opposition brief contains no additional facts to support its allegation that the Black Star entities are a single business enterprise.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the

court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

In order to establish both the existence and the validity of a demand for a sum due on open account, a plaintiff must present evidence of the account itself, and an affidavit or testimony attesting to its correctness. *Capital One Bank, (USA) NA v.*

*Young*, 176 So.3d 695, 697 (La. App. 5th Cir. 2015), *citing HTS, Inc. v. Seahawk Oil & Gas, Inc.,* 889 So.2d 442, 445 (La. App. 3rd Cir. 12/8/04); *Envtl. Safety & Health Consulting Servs. v. Reynolds Nationwide, Inc.,* 168 SO.3d 593 (La. App. 1st Cir. 12/23/14). The affidavit of correctness refers to the validity of the account, and it eliminates the necessity of taking testimony in order to establish the validity of the account. *Sessions & Fishman v. Liquid Air Corp.,* 616 So.2d 1254, 1258 (La. 1993). The existence of the claim, however, is supported by a statement of the account or invoices. *Id.*

Louisiana courts have held that "[i]n a suit on open account, it is of crucial importance that an itemized statement of the account, showing all the debits and all the credits which produce the balance due, be produced." *Young*, 176 So.3d at 697, *citing Gulf States Asphalt Co. v. Baton Rouge Services, Inc.,* 572 So.2d 148, 149 (La. App. 1st Cir. 1990); *HTS, Inc.,* 889 So.2d at 445; *Envtl. Safety & Health Consulting Servs., supra.* "Only in this way is the sum due on account mathematically documented." *Gulf States Asphalt Co.,* 572 So.2d at 149.

Here, the defendant argues that because there has been no evidence provided of a "contract" between the parties, the plaintiff cannot state a claim on open account. The jurisprudence appears to provide that, while a contract *per se* is not necessary to establish an account between the parties, an itemized statement of the account, showing all the debits and all the credits which produce the balance due, must be

4

produced. After review of the briefs, the plaintiff's Complaint, and the applicable jurisprudence, the undersigned concludes that the plaintiff fails to state a claim on open account. The plaintiff has alleged that goods and services were provided to Black Star, but those goods and services have not been described or set forth in any fashion. While the plaintiff argues the defendant paid a portion of the invoiced amounts but not the entire amount, it has not attached an itemized statement of the account in question, showing all of the debits and credits which produce the balance due. All that the plaintiff has referenced is an invoice, showing the total amount of goods and services valued at $119,344.00, which was attached to the *defendant's* Answer, and which provides no accounting of amounts allegedly already paid. Thus, the plaintiff's open account claim has not been sufficiently pled. However, it is clear to the undersigned that some transaction existed between the plaintiff and the defendant, as evidenced by the invoice that was attached to the defendant's Answer. Therefore, the undersigned will permit the plaintiff to amend its complaint, in conformity with this Order, within 21 days of this Ruling and Order.

Plaintiff's allegation that the Black Star entities are a single business enterprise is also insufficiently pled. Louisiana law is determinative of whether entities constitute a "single business enterprise." *See, e.g., Green v. Champion Ins. Co.*, 577 So.2d 249, 257 (La. App. 1 Cir. 1991). In *Brown v. ANA Insurance Group*, the Louisiana Supreme Court explained that the Single-Business Enterprise doctrine

is "a theory for imposing liability where two or more business entities act as one." 994 So.2d 1265, 1266, n. 2 (La. 10/14/08) (citing *Green*, 577 So.2d 249). Generally under the doctrine, when corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for wrongful acts done in pursuit of that purpose." *Id.* In *Green*, the Louisiana Court of Appeal for the First Circuit set forth eighteen factors that may be used to determine whether a group of entities constitutes a single business enterprise. 577 So.2d at 257-258. The list is illustrative and not exhaustive, and no one factor is dispositive.[1] If a group of entities is found to be a single business enterprise, then the court may disregard the concept of corporate separateness to extend liability to each of the affiliated corporations to prevent fraud or to achieve equity. *Id.* at 259.

While setting forth the legal factors to establish a single business enterprise directs the Court as to what factors will be used to make this determination, the underlying facts that support each element have not been pled. Therefore, the plaintiff has not sufficiently pled that the Black Star entities constitute a single

---

[1] The factors are: 1. Corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control, 2. Common directors or officers, 3. Unified administrative control of corporations whose business functions are similar or supplementary, 4. Directors and officers of one corporation act independently in the interest of that corporation, 5. Corporation financing another corporation, 6. Inadequate capitalization ("thin incorporation"), 7. Corporation causing the incorporation of another affiliated corporation, 8. Corporation paying the salaries and other expenses or losses of another corporation, 9. Corporation receiving no business other than that given to it by its affiliated corporations, 10. Corporation using the property of another corporation as its own, 11. Noncompliance with corporate formalities, 12. Common employees, 13. Services rendered by the employees of one corporation on behalf of another corporation; 14. Common offices; 15. Centralized accounting, 16. Undocumented transfers of funds between corporations, 17. Unclear allocation of profits and losses between corporations, and 18. Excessive fragmentation of a single enterprise into separate corporations.

business enterprise in this matter. Nevertheless, rather than dismiss the Complaint, the plaintiff is ordered to amend his Complaint to allege sufficient facts that allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged" pursuant to *Iqbal* and *Twombly*, *infra*.

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the plaintiff be given fourteen (14) days from the date of this Ruling and Order to amend its Complaint. **IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim [Doc. 8] filed by the defendant, Black Star, LLC and Black Star Helicopters, LLC (hereinafter, "Black Star") is DENIED, without prejudice to the defendants' right to re-urge the motion, if necessary, following the filing of the plaintiffs' Amended Complaint.

**THUS DONE AND SIGNED** this 10th day of December, 2019 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE